CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CHRISTOPHER BOTKIN and )
SUZANNE BOTKIN, )
           ) Civil Action No. 5:10CV00077
         Plaintiffs, )
           ) **MEMORANDUM OPINION**
v. )
           ) By: Hon. Glen E. Conrad
DONEGAL MUTUAL INSURANCE ) United States District Judge
COMPANY, )
           )
         Defendant. )

        This case arises from an insurance coverage dispute. Plaintiffs Christopher and Suzanne

Botkin (collectively, "the Botkins"), claim that defendant Donegal Mutual Insurance Company

("Donegal") breached the terms of their homeowners' insurance policy by denying coverage for

personal property damaged in a garage fire. The Botkins further assert that Donegal's denial of

coverage was made in bad faith. In response, Donegal contends that the damaged property,

which largely consisted of car parts, was properly excluded from coverage by a motor vehicle

exclusion contained in the insurance policy. The case is presently before the court on Donegal's

motion to dismiss the amended complaint and the Botkins' motion for partial summary

judgment. For the reasons set forth below, Donegal's motion will be denied and the Botkins'

motion will be dismissed without prejudice as premature.

### Background

        The following summary of the facts, which is taken from the plaintiffs' complaint, is

accepted as true for purposes of the defendant's motion to dismiss. See Erickson v. Pardus, 551

U.S. 89, 94 (2007).

In August of 1994, the Botkins purchased an empty body and frame for a 1935 Ford Coupe. They hoped to create a "street rod" vehicle, which would have an antique appearance on the outside and modern mechanical parts on the inside. Thereafter, over a period of years, the Botkins acquired parts and accessories for the Coupe project.

In July of 2003, the Botkins purchased the frame for a 1929 Ford station wagon known as the "Woodie." At or about the same time, they purchased an engine and a transmission in hopes of using them to create a street rod out of the Woodie. The Botkins continued to purchase additional parts for the Coupe project and the Woodie project.

The Botkins purchased the frame for the Woodie from William Burrows, who operated an antique vehicle restoration business. The Woodie project began in Burrows' garage and the frame and other parts were maintained there. Several months prior to September 2008, the Botkins transferred parts for the Coupe project to Burrows' garage. Christopher Botkin worked on the projects when he had free time and sufficient funds to pay Burrows for assisting him.

On September 16, 2008, Burrows' garage burned to the ground, and all of the plaintiffs' property in the garage was destroyed. At the time of the fire, according to the Botkins, both the Coupe project and the Woodie project were only fifteen to twenty percent assembled. The Botkins allege that the Coupe project consisted of an "empty shell body" with no seats, glass, wiring, dashboard, fenders, steering wheel, or headlamps, and that mechanical parts gathered for the project "were not in or on the empty shell resting on the dolly." (Am. Compl. at 5). Additionally, neither the engine nor the homemade gas tank sitting on the frame was actually attached to anything.

2

The Botkins allege that the Woodie project was in a similar, unfinished state. "The empty shell body was temporarily sitting on the frame but not attached," and it contained no seats, gauges, wires, lines, ignition, or pedals. (Am. Compl. at 7). Although a gas tank and motor were sitting on the frame, they were not attached to it.

At the time of the fire, the Botkins were insured under a homeowners' policy issued by Donegal. The policy states that Donegal will "cover personal property owned or used by an 'insured' while it is anywhere in the world." (Am. Compl. Ex. 1 at 5). However, the policy excludes certain property from coverage, including motor vehicles:

> **Property Not Covered**. We do not cover:
>
> . . .
>
> 3.    Motor vehicles or all other motorized land conveyances. This includes electronic apparatus used to transmit, record, receive, or reproduce sound, and that is designed to be operated solely by use of the power from the electrical system of motor vehicles or all other motorized land conveyances.
>
> Electronic apparatus includes:
>
> a. Accessories or antennas; or
>
> b. Tapes, wires, records, discs or other media
>
> for use with electronic apparatus.
>
> The exclusion or property described above applies only while the property is in or upon the vehicle or conveyance.
>
> We do cover vehicles or conveyances not subject to motor vehicle registration which are:
>
> a. Used to service an "insured's" residence; or
>
> b. Designed for assisting the handicapped.

3

(Am. Compl. Ex. 1 at 23).

Following the fire, the Botkins submitted a claim for their damaged property. On January 9, 2009, Donegal denied the request for coverage with respect to the hot rod projects and associated car parts. The insurer determined that such property was excluded from coverage by the motor vehicle exclusion.

On July 22, 2010, the Botkins filed the instant action in the Circuit Court for the County of Augusta, seeking $157,302.00 in compensatory damages as well as attorney's fees and expenses. Donegal removed the case to this court on August 16, 2010, invoking the court's diversity jurisdiction.

After the case was removed, Donegal moved to dismiss the complaint in its entirety on the basis that the Botkins failed to adequately identify the particular cause of action that they were asserting against Donegal. In the alternative, Donegal argued that the plaintiffs' request for attorney's fees and expenses should be dismissed as premature or bifurcated from the breach of contract claim.

On August 20, 2010, the parties submitted an agreed order, in which they stipulated as follows: (1) that the Botkins' complaint asserts a single cause of action for breach of contract; (2) that their request for an award of attorney's fees and costs under Virginia Code § 38.2-209 cannot be adjudicated until there has been a final adjudication of the claim for breach of contract; (3) that the request for an award of attorney's fees and costs should be bifurcated from the breach of contract claim; (4) that "[i]f the parties subsequently agree, the bifurcation . . . may be limited to the trial only, and not to discovery"; and (5) that the motion to dismiss "is fully resolved" by

4

the order and, therefore, moot. (Docket No. 9). The court entered the agreed order on August

20, 2010 and terminated Donegal's motion to dismiss.

On September 28, 2010, the Botkins moved to amend their complaint to request a higher

amount of compensatory damages. During a subsequent hearing before a magistrate judge, the

Botkins also requested permission to make other minor changes to the complaint. The magistrate

judge granted the motion on November 9, 2010, and on November 16, 2010, the Botkins filed

their amended complaint.

The case is presently before the court on Donegal's motion to dismiss the amended

complaint, and the plaintiffs' motion for partial summary judgment. Both sides have advised the

court that they do not wish to be heard on the motions. The motions are now fully briefed and

ripe for review.

## Defendant's Motion to Dismiss

Donegal has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. When reviewing a claim under Rule 12(b)(6), the court must

accept all of the allegations in the complaint as true and draw all reasonable inferences in favor

of the plaintiffs. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Although "a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Assuming the

factual allegations in the complaint are true, they "must be enough to raise a right to relief above

the speculative level." Id.

In moving to dismiss the amended complaint, Donegal asserts essentially the same arguments that were raised in its motion to dismiss the original complaint, which was ultimately resolved pursuant to an agreed order prepared by the parties. In the instant motion, Donegal argues, as it did previously, that the plaintiffs have failed to allege any particular cause of action against the insurance company. Alternatively, Donegal argues that a request for attorney's fees and costs cannot be made until the plaintiffs prevail on their claim for breach of contract and, thus, that the plaintiffs' request for fees and costs should be dismissed as premature.

To the extent Donegal contends that the amended complaint fails to allege any particular cause of action against the insurance company, the court disagrees. As the plaintiffs emphasize in their response, paragraphs one through eighteen of the amended complaint set forth the existence of an insurance policy, facts allegedly triggering coverage under the policy, and the denial of coverage under the policy. The plaintiffs then allege in paragraph nineteen that "[t]o deny coverage on the basis and for the reasons as set forth in Exhibit 2 is a clear breach of the contract." (Am. Compl. at para. 19). They proceed to request "contract damages" in the amount of $250,000.00, which includes the replacement values for items destroyed in the fire. Based on the foregoing, the court is convinced that the amended complaint sufficiently states a claim for breach of contract against Donegal.

Donegal also seeks dismissal of the plaintiffs' request for attorney's fees and costs, which is premised on the assertion that Donegal acted in bad faith in denying coverage and refusing to make payment under the insurance policy. Virginia law does not recognize a separate cause of action for bad faith in the context of insurance disputes. See, e.g., A&E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 676 (4th Cir. 1986). "There is, however, a

statutorily created remedy that allows a court to award attorney's fees and costs to the insured if the insurer acted in bad faith." Styles v. Liberty Mut. Fire Ins. Co., No. 7:06CV00311, 2006 U.S. Dist. LEXIS 49294, at *3 (W.D. Va. July 7, 2006) (Turk, J.). Pursuant to Virginia Code § 38.2-209, the court is permitted to award attorney's fees and costs if "the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make a payment to the insured under the policy . . . ." Va. Code § 38.2-209. In this case, the amended complaint contains more than twenty paragraphs detailing the plaintiffs' allegations of bad faith and their request for attorney's fees and expenses. Although the plaintiffs do not specifically refer to § 38.2-209, it is clear from the amended complaint that their request for fees and expenses is made pursuant to the statute.

To the extent Donegal argues that the request for attorney's fees and expenses should be dismissed as premature, the court disagrees. While Donegal "is correct that an award of fees and costs under [§ 38.2-209] cannot be adjudicated until a decision has been issued on the breach of contract claim," Donegal "is incorrect . . . in asserting that the statutory remedy must be dismissed until the contract claim is decided." Id. at *3-4. For the reasons set forth in the Styles decision, the court concludes that the plaintiffs' request for attorney's fees is properly asserted in the amended complaint and that it is not subject to dismissal.[*] See Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., No. 3:07CV253, 2007 U.S. Dist. LEXIS 61714, at *12 (E.D. Va. Aug. 22, 2007) (Dohnal, M.J.) (relying on Styles and holding that the plaintiff's claim for attorney's fees was not premature); but see Cradle v. Monumental Life Ins. Co., 354 F. Supp. 2d

---

[*] The court notes, however, that if the case proceeds to trial, the plaintiffs' claim for attorney's fees and costs will be bifurcated from the breach of contract claim.

7

632, 635 (E.D. Va. 2005) (Jackson, J.) (holding that a claim for attorney's fees under § 38.2-209 "may only be brought once a judgment is entered against the [insurer]"). Accordingly, Donegal's motion to dismiss will be denied.

## Plaintiffs' Motion for Partial Summary Judgment

The case is also before the court on the plaintiffs' motion for partial summary judgment. Relying on the exhibits accompanying the motion, the Botkins argue that none of the car parts destroyed in the fire constituted motor vehicles and, thus, that they were not excluded from coverage under their homeowners' policy. In response, Donegal argues that the motion is premature since it has not had the opportunity to discover information essential to its case, and since the discovery period does not close until May 13, 2011.

An award of summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

As a general rule, summary judgment is not appropriate prior to the completion of discovery. See Anderson, 477 U.S. at 250 (noting that "summary judgment [must] be refused

where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition"). Rule 56(d) of the Federal Rules of Civil Procedure provides the court with discretionary authority to deny a premature motion for summary judgment where the nonmoving party demonstrates that it has not had adequate time for discovery or requires additional time to complete it. See Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

In this case, the heart of the parties' dispute is whether the personal property destroyed in the fire constituted motor vehicles for purposes of the policy's motor vehicle exclusion. While the Botkins argue that the property was merely a collection of semi-assembled automobile parts, Donegal contends that it has identified at least four non-party witnesses who will dispute the Botkins' account of the property's condition. Donegal emphasizes in its brief in response to the motion for partial summary judgment that it has not had the opportunity to depose these witnesses, and that it is imperative that the company receive the chance to develop evidence that would support the application of the motor vehicle exclusion. Donegal has also submitted an affidavit from one of its claim representatives, which details the need for further discovery and otherwise comports with Rule 56(d).

Based on the foregoing, the court agrees with Donegal that the Botkins' motion for partial summary judgment is premature. Accordingly, the motion will be dismissed without prejudice pursuant to Rule 56(d).

**Conclusion**

For the reasons stated, the defendant's motion to dismiss will be denied and the plaintiffs' motion for partial summary judgment will be dismissed without prejudice. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 29th day of March, 2011.

_____
Chief United States District Judge